IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS WOODS BOWDEN, § | | |
|     Movant, § | | |
| § | | |
| v. § | No. 3:18-CV-1050-M-BT | |
| § | (3:10-CR-152-M (1)) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Dennis Woods Bowden's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence was referred to the United States magistrate judge. *See* Dkt. No. 2. Bowden's Section 2255 motion challenges his criminal judgment in *United States v. Bowden*, No. 3:10-cr-152-M (1) (N.D. Tex.). Because his motion is successive, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

### I.   BACKGROUND

In 2012, Bowden was convicted of four counts of securities fraud and five counts of mail fraud, and he was sentenced to 192 months imprisonment with a three-year term of supervised release. *See United States v. Bowden*, No. 3:10-cr-152-M (1) (N.D. Tex.), Dkt. No. 111. After an unsuccessful direct appeal, *see United States v. Bowden*, 542 F. App'x 299,

304 (5th Cir. 2013), Bowden filed a Section 2255 motion attacking his criminal judgment, *see Bowden v. United States*, No. 3:14-cv-4459-M-BF (N.D. Tex.). His first Section 2255 motion was denied with prejudice as meritless, *see Bowden v. United States*, No. 3:14-cv-4459-M-BF (N.D. Tex.), Dkt. Nos. 37 & 38, and the United States Court of Appeals for the Fifth Circuit denied his request for a certificate of appealability, *see Bowden v. United States*, No. 16-11154, 2017 WL 4863165 (5th Cir. Jul. 10, 2017).

Bowden thereafter filed this Section 2255 motion. *See* Dkt. No. 2. He again challenges his 2012 criminal judgment, relying this time on the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017).

## II.  LEGAL STANDARDS AND ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a movant may only file a successive motion for post-conviction relief if he first receives authorization from a three-judge panel of the United States court of appeals. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("In order to file a second or successive [habeas] application with the district court, 28 U.S.C. § 2244 provides that an applicant must first obtain authorization from the court of appeals."). The appellate certification requirement for a successive Section 2255 motion

"acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Bowden's successive Section 2255 motion should be transferred to the Fifth Circuit pursuant to 28 U.S.C. § 1631 for appropriate action. *See, e.g., Fulton*, 780 F.3d at 686 (transferring an unauthorized successive habeas application pursuant to Section 1631 is an alternative to dismissal of such an application).

### III.  RECOMMENDATION

Therefore, the Court should transfer Bowden's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

SIGNED April 30, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).